UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID WILLIAM LITTLE,

        Plaintiff,                    Case No. 1:21-cv-11104

v.                                       Honorable Thomas L. Ludington
                                               United States District Judge
CITY OF SAGINAW, STEVEN LAUTNER,
and JORDAN LADOUCE,

        Defendants.
_____/

**OPINION AND ORDER DENYING MOTION TO STAY PENDING APPEAL**

This case concerns alleged Fourth Amendment and state-law violations by two Saginaw City police officers who entered a man's apartment without a warrant and arrested him after tracking footprints in the snow allegedly leading to his doorstep. The officers seek a stay of any further proceedings in this case until their appeal of the denial of qualified immunity on two of the eight claims is resolved. As explained below, the case will not be stayed.

**I.**

This case arises from the arrest of Plaintiff David Little by City of Saginaw Police Officers Steven Lautner and Jordan LaDouce. Plaintiff brought the following eight claims in May 2021:

    (1)    Count I: Unlawful Entry under 42 U.S.C. § 1983;
    (2)    Count I: Unlawful Seizure under 42 U.S.C. § 1983;
    (3)    Count II: Unlawful Arrest under 42 U.S.C. § 1983;
    (4)    Count II: Malicious Prosecution under 42 U.S.C. § 1983;
    (5)    Count III: Unlawful Imprisonment under Michigan law;
    (6)    Count III: Assault and Battery under Michigan law;
    (7)    Count III: Intentional Infliction of Emotional Distress under Michigan law; and
    (8)    Count IV: Municipal Liability under 42 U.S.C. § 1983 against City of Saginaw.

ECF No. 1 at PageID.5–9. The officers were denied qualified immunity on the claims for Unlawful Entry, Unlawful Arrest, and Failure to Train and for Defendants on the claims of Assault and

Battery and Failure to Supervise. *See generally Little v. City of Saginaw*, No. 1:21-CV-11104, 2023 WL 3571916 (E.D. Mich. May 19, 2023) ("[T]he officers' warrantless entry was unlawful, they lacked probable cause to arrest Little, and the City of Saginaw is responsible for the Chief of Police's policy . . . and for failing to train the officers on determining probable cause or an exception to the warrant requirement."). The claims for Unlawful Seizure, Malicious Prosecution, Unlawful Imprisonment, and Intentional Infliction of Emotional Distress remain pending.

Defendants timely appealed the denial of qualified immunity to the Sixth Circuit. ECF No. 40. Defendants now seek to stay the whole case until the partial appeal is resolved, adding without corroboration that Plaintiff's counsel does not concur. ECF No. 42.

## II.

### A.

Defendants first argue that the filing of the notice of appeal divested this Court of jurisdiction. ECF No. 42 at PageID.637–38. They rely on the established principles that a district court's denial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291 "to the extent that it turns on an issue of law," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and that the filing of a notice of appeal divests the district court of jurisdiction over the appealed issues, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

But a notice of appeal does not divest the district court of jurisdiction over the entire case. *Williamson v. Recovery Ltd.*, 731 F.3d 608, 626 (6th Cir. 2013). For instance, the district court "retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *United States v. Omar*, 157 F. Supp. 3d 707, 713–14 (M.D. Tenn. 2016) (internal citations omitted) (quoting *Williamson*, 731 F.3d at 626); *see also Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) ("Permitting

piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981))). The four unresolved claims are not involved in or dependent on Defendants' appeal of qualified immunity. Therefore, this Court retains jurisdiction to adjudicate the four unresolved claims.

**B.**

Defendants next argue this entire case should be stayed until the appeal is resolved. ECF No. 42 at PageID.638–43. To evaluate a discretionary stay pending appeal under Civil Rule 62, this Court must consider the likelihood of success, the likelihood of irreparable harm to the moving party, any harm to others, and the public interest. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.").

<u>Likelihood of Success on the Merits</u>. Defendants "remain convinced that they possess viable arguments" but do not explain why. *See* ECF No. 42 at PageID.639. Obviously, that argument "does not discuss the likelihood of success on appeal." *Mann Constr. v. United States*, No. 1:20-CV-11307, 2023 WL 3175426, at *3 (E.D. Mich. May 1, 2023). Yet their best-case scenario is that a panel of the Sixth Circuit finds a question of fact based on ambiguous deposition testimony that cannot overcome the irrefutable video evidence and remands the case for a jury trial. *Compare Little v. City of Saginaw*, No. 1:21-CV-11104, 2023 WL 3571916, at *3 (E.D. Mich. May 19, 2023) ("But that unclear testimony arguably suggests Plaintiff chose not to ask the officers to leave after they entered his apartment—and who would?"), *with id.* ("Lautner's body camera conclusively forecloses any claim of consent."). In this way, Defendants could not possibly "succeed" on the merits of their arguments on appeal. Not to mention the irrefutable photographic

evidence of Defendants' lack of probable cause to arrest Plaintiff. *Id.* at *6 ("[T]he shoes do not fit the prints."). This weighs against a stay.

<u>Irreparable Harm</u>. Defendants next assert they will suffer irreparable harm without a stay because they will not be immune from Plaintiff's § 1983 claims. ECF No. 42 at PageID.639–41. But that harm is merely monetary because the issue on appeal is Defendants' immunity from a lawsuit. No matter how substantial, "money, time[,] and energy necessarily expended in the absence of a stay[] are not enough." *Griepentrog*, 945 F.2d at 154 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Thus, this factor weighs against a stay.

<u>Harm to Other Parties</u>. Defendants also argue that proceeding with this case will waste judicial resources by causing duplicative trials, and a stay will prevent these inefficiencies. ECF No. 42 at PageID.641–42. But proceeding with the pending issues in this case would be quite efficient. Regardless of the outcome of the pending appeal, the Parties and this Court must nevertheless resolve the merits of Plaintiff's four pending claims. Why wait upwards of six months to a year to do so? Defendants' do not say, which weighs against a stay.

<u>Public Interest</u>. And Defendants assert the public interest favors a stay to avoid wasting municipal funds. ECF No. 42 at PageID.642–43. Although the efficient use of resources is an important consideration, the interests of justice and the timely resolution of claims also play a significant role. *See Hartman v. Bobby*, 319 F. App'x 370, 372 (6th Cir. 2009); *CFTC v. Watson*, No. 2:11-CV-10949, 2011 WL 2174904, at *2 (E.D. Mich. June 3, 2011). Here, the public interest is better served by addressing the unresolved claims and moving the case forward without unnecessary delay—especially because this case involves alleged and proven violations of the United States Constitution and the laws of the State of Michigan. *See Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) ("'[T]he public interest lies in the correct

application' of the federal constitutional and statutory provisions upon which the claimants have brought this claim." (quoting *Congregation Lubavitch v. City of Cincinnati*, 923 F.2d 458, 460 (6th Cir. 1991))); *cf. Kentucky v. Biden*, 23 F.4th 585, 612 (6th Cir. 2022) ("[T]he public's true interest lies in the correct application of the law." (citing *Congregation Lubavitch*, 923 F.2d at 460)). Thus, this factor also weighs against a stay.

Because the factors score 0–4–0 against a stay, Defendants' Motion will be denied. If the appeal is not resolved within a month of trial, then the case will be stayed to avoid resolving the *Monell* claim on the merits.

### III.

Accordingly, it is **ORDERED** that Defendants' Motion to Stay, ECF No. 42, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: June 22, 2023                                  s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge